# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **I.T. and S.T.**

**No. 16-0499** (Nicholas County 15-JA-110 & 15-JA-111)

**FILED**

**November 14, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.T., by counsel Amber R. Hinkle, appeals the Circuit Court of Nicholas County's April 21, 2016, order terminating his parental rights to two-year-old I.T. and one-year-old S.T.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian, Benjamin N. Hatfield, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion to continue the dispositional hearing, in denying his motion for an improvement period, and abused its discretion in terminating his parental rights. Petitioner also argues that he received ineffective assistance of counsel during the underlying proceedings.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2015, the DHHR filed an abuse and neglect petition that alleged that petitioner knowingly and intentionally inflicted physical injury on S.T. According to the petition, the child had severe bruising on the inside of her ears and was treated by a pediatric nurse practitioner who determined that the bruising was not the result of accidental trauma.

In December of 2015, the circuit court held an adjudicatory hearing wherein S.T.'s mother testified that she discovered the bruises on the inside S.T.'s ears and asked petitioner if he knew what happened or where the bruising came from. She also testified that she took pictures of the bruises and directed a family member to call the police. The mother further testified that the night before she discovered the bruises on the child she heard the child scream while petitioner put the child to bed. The mother testified that she witnessed petitioner aggressively grab and

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

spank their other child, I.T. The pediatric nurse practitioner who treated the child was qualified as an expert and testified that after testing and examination, she determined that the bruising was caused by some outside force or act. Petitioner testified and admitted that he caused the child's injuries but claimed that they were unintentional. Petitioner also testified that he turned the child's head to put a pacifier in her mouth and stated that "[i]t's probably what caused it." At the close of the evidence, the circuit court found that petitioner "severely bruised" S.T. when he grabbed her head and excessively squeezed her ears. The circuit court also found that the evidence was inconclusive as to whether or not petitioner's actions were intentional or unintentional. The circuit court further found that there was "no question" that petitioner's actions constituted "abuse and neglect." The circuit court ordered petitioner to submit to a psychological examination, undergo individual counseling, attend the batterer's intervention program, and attend adult life-skills classes. Petitioner moved the circuit court for a post-adjudicatory improvement period. The circuit court deferred ruling on petitioner's motion until the psychological examination was completed.[2]

In February of 2016, the circuit court held a dispositional hearing wherein petitioner moved the circuit court to continue the hearing so that petitioner's batterer's intervention program instructor and the adult-life skills instructor could be available to testify. The guardian objected to petitioner's motion but stipulated that the testimony of these individuals would be favorable to petitioner. The circuit court ruled that it would hold the motion in abeyance until the end of the hearing. Petitioner's psychologist testified that he did not take responsibility for his actions, blamed other people for the circumstances he was in, and "[deflected] questions about his responsibility to other people." According to the psychologist, petitioner's behavior was "very indicative of domestic violence attitudes, controlling attitudes." She further opined that petitioner posed a danger to the children and should not have contact with them.

The pediatric nurse practitioner testified consistent with her testimony at the adjudicatory hearing. The mother testified that she noticed multiple bruises on the children on other occasions but petitioner always stated that he did not know the origin of the bruises. A pediatrician testified that, after she reviewed information regarding the case, she suspected child abuse. She noted that S.T.'s bruising was found on an area of the body not usually subject to accidental bruising. Petitioner admitted that he caused S.T.'s bruising but stated that it was accidental. He also admitted to inflicting injury on the other child, I.T. Petitioner further testified that he fully participated in services and the batterer's intervention program helped him.

At the close of the hearing, petitioner moved the circuit court for a post-dispositional improvement period. The circuit court found that petitioner caused the bruising in S.T.'s ears by applying sufficient force to cause injury. The circuit court also found that, according to the psychological evaluation, even though petitioner was compliant in services, he lacked insight into his behavior, lacked the motivation to change his behavior, and took no responsibility for the abuse of the children. Based on the testimony presented, the circuit court denied petitioner's motion for a post-dispositional improvement period. The circuit court found that all the psychological evidence demonstrated that there was no reasonable likelihood that the conditions

---

[2]It appears from the record that petitioner's motion for a post-adjudicatory improvement period was denied.

of abuse and neglect could be substantially corrected in the near future and that termination of petitioner's parental rights was in the children's best interests. The circuit court terminated petitioner's parental rights by order entered on April 21, 2016. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). On appeal, petitioner first argues that he received ineffective assistance of counsel during the underlying proceedings.[3] Specifically, petitioner argues his counsel failed to serve subpoenas on requested witnesses. To begin, this Court has never recognized a claim for ineffective assistance of counsel in the context of abuse and neglect matters, and declines to do so in the instant matter. In any event, it is clear that petitioner's argument fails to meet the standard ineffective assistance of counsel standard previously articulated by this Court. To find that ineffective assistance of counsel occurred, petitioner must prove that "counsel's performance was deficient under an objective standard of reasonableness and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 49 S.E.2d 114 (1995). It is clear from the record that the circuit court accepted that the anticipated witness testimony was positive in nature. The guardian stipulated that the anticipated testimony was favorable to petitioner and would indicate his compliance with services. Thus, petitioner provides no evidence that the proceedings would have been different if those anticipated witnesses would have testified. For these reasons, the Court declines to find that petitioner received ineffective assistance of counsel.

Second, petitioner argues that the circuit court erred in denying his motion to continue the dispositional hearing in order to serve subpoenas on his requested witnesses. We have previously held that the decision to grant a motion for a continuance in an abuse and neglect proceeding "is a matter left within the discretion of the circuit court." *In re Tiffany Marie S.*, 196 W.Va. 223, 235, 470 S.E.2d 177, 189 (1996). As mentioned above, the record on appeal indicates that the

---

[3]Petitioner was represented by Sarah R. Campbell in the underlying abuse and neglect proceedings

circuit court knew the identity of the requested witnesses and recognized that the anticipated testimony was favorable to petitioner. Simply put, it would have made no difference in the proceedings below to have those requested witnesses testify, given the overwhelming medical testimony and evidence of petitioner's failure to acknowledge the abuse he perpetrated against the children. Therefore, the circuit court did not err in denying petitioner's motion to continue.

Third, petitioner argues that the circuit court erred in denying his motions for an improvement period because he admitted to causing the bruising on the inside of S.T.'s ears. Upon our review, we find no error in the circuit court's denial of petitioner's motions for an improvement period. Pursuant to West Virginia Code §§ 49-4-610(2)(B) and (3)(B), a circuit court may only grant an improvement period when a parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . ." In the instant matter, the circuit court denied petitioner's motions for improvement periods upon finding that, according to the psychological evaluations, he failed to accept responsibility for his actions, attempted to appear faultless, minimized his actions, and demonstrated little likelihood for change. "Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense." *In re Timber M.,* 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.,* 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Moreover, West Virginia Code 49-4-610 provides circuit courts with discretion in ruling on motions for improvement periods. Based on our review, the circuit court did not abuse its discretion in denying petitioner's motions for improvement periods.

Finally, petitioner argues that the circuit court erred in terminating his parental rights. Pursuant to West Virginia Code § 49-4-604(c)(5), a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected includes one in which a respondent parent has "seriously injured the child physically . . . , and the degree of family stress and the potential for further abuse and neglect are so great as to preclude the use of resources to mitigate or resolve family problems or assist the abusing parent or parents in fulfilling their responsibilities to the child." *Id.*

In the proceedings below, the circuit court specifically made the finding that petitioner caused physical injuries to both of the children. The circuit court also found that termination of his parental rights was necessary for the children's well-being. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon these findings. For these reasons, we find no error in the circuit court's order terminating petitioner's parental rights.

For the foregoing reasons, the circuit court's April 21, 2016, order terminating petitioner's parental rights to the children is hereby affirmed.

Affirmed.

**ISSUED**: November 14, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II